UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM PERSON, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| DISTRICT OF COLUMBIA, et al., | : | |
| Defendants. | : | |
| _____ | : | |

NOTICE OF REMOVAL OF ACTION

COMES NOW, defendant District of Columbia, by and through counsel, Steven J. Anderson, and pursuant to 28 U.S.C. 1441(b) and 1446 notifies the Court of the removal of the above-captioned action filed in the Superior Court of the District of Columbia, Civil Action No. 0007672-06 on October 13, 2006. Count Two of plaintiff's Complaint (Deprivation of Civil Rights under Color of Law), paragraphs 22 through 35, allege that defendant violated plaintiff's Federal rights. These paragraphs bring action pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution (See attached complaint.).

The grounds for removal is that the Complaint asserts, <u>inter alia</u>, causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" which are removable without regard to the citizenship or residence of the parties. <u>See</u> 28 U.S.C. § 1441(b). Specifically, paragraphs 23, 30, 32 and 35 allege violations of Federal law.

WHEREFORE, this action now pending in the Superior Court of the District of Columbia is properly removed to this court pursuant to 28 U.S.C. §1441(b) and 1446 and the Superior Court of

the District of Columbia "shall proceed no further unless and until the case is remanded."  28 U.S.C.

§1446(d).


        Respectfully submitted,

        EUGENE A. ADAMS
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        KIMBERLY M. JOHNSON
        Acting Chief, General Litigation Section III


        _____
        STEVEN J. ANDERSON (Bar No. 10439 334480)
        Assistant Attorney General
        Suite 600S  441 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 724-6607 (phone)
        (202) 727-3625 (fax)
        E-mail: Steve.Anderson@dc.gov

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| WILLIAM PERSON, | : | |
| Plaintiff, | : | |
| vi. | : | Civil Action No. 0007672-06 |
| DISTRICT OF COLUMBIA, et al., | : | Judge Wright |
| Defendants. | : | |
| _____ | : | |

NOTIFICATION OF FILING OF
REMOVAL OF ACTION

To William Person
C/o Anthony Graham
Smith Graham & Crump, LLC
9200 Basil Court
Suite 301
Largo, Maryland 20774

    Please take notice that on November 21, 2006, defendant District of Columbia filed in the United States District Court for the District of Columbia, at Civil Action No. ----------------- a Notice of Removal of the above-captioned action then pending in this court. A copy of the Notice of Removal was served upon plaintiff.

    Pursuant to 28 U.S.C. 1446(d), the filing of the Notice of Removal and this Notification effects the removal and the proceeding against the defendants and this court shall proceed no further unless and until it is remanded by the United States District Court for the District of Columbia.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

KIMBERLY M. JOHNSON
Acting Chief, General Litigation Section III


_____
STEVEN J. ANDERSON (Bar No. 10439 334480)
Assistant Attorney General
Suite 600S  441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6607 (phone)
(202) 727-3625 (fax)
E-mail: Steve.Anderson@dc.gov


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing  was mailed, postage prepaid, to:

C/o Anthony Graham
Smith Graham & Crump, LLC
9200 Basil Court
Suite 301
Largo, Maryland 20774


on this _____ day of _____, 2006.

                                   _____
                                   Steven J. Anderson
                                   Assistant Attorney General

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

WILLIAM PERSON : 
610 Raleigh Place, S. E. :
Washington, D. C. 20032 :
 :
      **Plaintiff,** :
 :
      v. :
 :
**GREATER SUTHEAST COMMUNITY** :
**HOSPITAL** :
1310 Southern Avenue, S. E. :   Civil Action No. 0007672-06
Washington, D. C. 20032 :
 :
      and :
 :
**TALAAT MAXIMOUS, M.D.** :
1310 Southern Avenue, S. E. :
Washington, D. C. 20032 :
 :
      And :
 :
**DISTRICT OF COLUMBIA** :
 :
      Serve: :
      Office of Mayor :
      Office of the Secretary :
      1350 Pennsylvania Ave., N. W. :
      Washington, D. C. 20004 :
 :
      And :
 :
**Department of Corrections** :
 :
      Serve: :
 :
      Greg Jackson :
      Office of General Counsel :
      1923 Vermont Avenue, N. W. :
      Washington, D. C. 20001 :
 :
      **Defendants.** :

                    **COMPLAINT**

*RECEIVED Civil Clerk's Office OCT 1 3 2006 Superior Court of the District of Columbia Washington, D.C.*

*[Handwritten: Janices Stokes / Darlong Fields / Office of Atty General / 441 4F st NW (6th) / Washington, DC 20001]*

## [NEGLIGENCE/MEDICAL MALPRACTICE]

1. Jurisdiction of this Court founded upon §11-921 of the D.C. Code, (as amended).

2. Plaintiff, William Person, is a citizen of the United States and a resident of the District of Columbia.

3. The Defendant, Greater Southeast Community Hospital, based on information and belief is a corporation licensed to do business under the laws of the District of Columbia and is authorized and licensed to conduct and did conduct a medical and surgery business in the District of Columbia to which medical members of the public were invited, including the Plaintiff, William Person.

4. At all times relevant hereto the Defendant, Talaat Maximous, M.D., was licensed to practice medicine and surgery in the District of Columbia. That the Defendant, Talaat Maximous, M.D., was acting individually and/or as partner, agent, ostensible agent, servant, employee and/or contractor for Defendant, Greater Southeast Community Hospital.

5. The Defendants, Greater Southeast Community Hospital and Talaat Maximous, M.D. held themselves out to the community as health-care providers, qualified to provide health-care services to those in need thereof, in the District of Columbia.

6. At all times relevant hereto, Greater Southeast Community Hospital and Talaat Maximous, M.D. held themselves out to the community as a medical doctor and medical provider qualified to provide health care to individuals in need thereof.

7. At all times relevant hereto Defendant, Talaat Maximous, M.D. was an agent, employee, and/or ostensible agent or employee of Defendant, Greater Southeast Community Hospital, acting on the business of and within the scope of his agency or employment with Greater Southeast Community Hospital.

8. On or about October 17, 2003, and subsequent thereto, the Plaintiff, William Person, consulted and engaged for compensation, the services of the defendant, Talaat Maximous, M.D. and the Greater Southeast Community Hospital for medical services.

9. On or about October 17, 2003, Plaintiff, William Person, was admitted to the Greater Southeast Community Hospital to undergo a surgical procedure, Debridement of open wound and irrigation with antibiotics, internal fixation of comminuted fracture of distal tibia, and other procedures that were performed by defendant Talaat Maximous, M.D. and the Greater Southeast Community Hospital.

10. The Defendants undertook to examine, diagnose, care for, prescribed medicines and other legal drugs, and to handle and control the care and treatment of plaintiff for his problem prior to, during and subsequent to operative procedures.

11. That during the undertaking to perform surgical procedure for a broken leg, the Defendant Talaat Maximous, M.D. and Defendant Greater Southeast Community Hospital by and through its employees, agents, ostensible agents and/or servants breached the applicable standards of care in the treatment of the Plaintiff.

12. Prior to and subsequent to the surgical procedures, the Defendants, each of them failed to warn the Plaintiff of the dangers associated with such procedure(s) and failed to warn him of the aftercare required to take care of the leg.

13. That in the aforesaid examination, diagnosis, treatment, the prescription of medicine and drugs, the handling and control of the care and treatment of the Plaintiff prior to, during and subsequent to the operative procedures, the defendants, each of them, negligently failed to possess and exercise that degree of knowledge and skill ordinarily possessed and exercised by other physicians attendants surgeons and the like, in said professions, in the same similar locality, including the United States of America.

14. That at all times herein mentioned, defendants undertook and agreed to provide prudent, diligent and proper care and treatment to the Plaintiff, to exercise that degree of care

ordinarily exercised by prudent and diligent health care providers under like or similar circumstances and had a duty to the Plaintiff to provide proper medical treatment within the prevailing standards.

   15. The Defendants, Talaat Maximous, M.D. and the Greater Southeast Community Hospital, through its agents, employees, and/or ostensible agents and employees failed to properly treat, examine and care for the Plaintiff's leg, thereby causing damage to his leg resulting in the amputation of said leg.

   16. The Defendants, Talaat Maximous, M.D. and the Greater Southeast Community Hospital, through its agents, employees, and/or ostensible agents and employees, breached its duty of care and were negligent in their care and treatment of plaintiff, William Person, including but not limited to the following:

  a. Failure to perform proper examination and evaluations;

  b. Failure to perform appropriate diagnostic tests;

  c. Failure to properly order and take appropriate x-rays or other visual procedures and make proper diagnostic/findings post operative;

  d. Failure to properly and timely diagnose and repair medical conditions resulting from operative procedure;

  e. Failure to refer the Plaintiff to a medical provider that specialize in the area of the injury;

  f. Failure to properly and timely diagnose, treat, and perform necessary and proper surgery and follow-up treatment.

  g. Failure to properly and timely examine, diagnose and treat other medical conditions

  h. Failure to warn the Plaintiff of the risk(s) involved in the operative procedure(s); and

    i. Failure to properly evaluate and treat the Plaintiff; and,

    j. Failure to properly dress and manage the Plaintiff's leg after surgery.

17. That in the aforesaid examination and diagnose of plaintiff, the handling and control of the care and treatment of plaintiff during and subsequent to operative procedure, the defendant and each of them, negligently fail to possess and exercise that degree of knowledge and skill ordinarily possess and exercise by other physician, attendants, surgeons and the like, in said profession the same similar locality including the United States of America.

18. That as a direct, legal and proximate result of the negligence of defendants Talaat Maximous, M.D. and the Greater Southeast Community Hospital and its agents, employees, and/or ostensible agents and employees, Plaintiff has sustained severe and permanent bodily injuries, and unnecessary scaring.

19. That as a direct and proximate result of the aforesaid negligence of defendants, the Plaintiff was damaged in that he suffered amputation of his leg.

20. That as a direct, legal and proximate result of aforesaid negligence of defendants, the Plaintiff, William Person, has suffered mental anguish, and emotional pain.

21. That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff had to undergo a second and subsequent surgeries and incurred expenses due to medical treatment or lack thereof, and based on information and belief Plaintiff will incur future medical expenses.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, jointly and severally in the amount of three million five hundred thousand dollars ($3,500,000.00) as compensatory damages, plus cost interest and attorney's fees.

## COUNT TWO
[Deprivation of Civil Rights under Color of Law]

22. Plaintiff incorporates paragraphs 1 through 21 as if re-alleged herein.

23. Plaintiff brings this count under Title 42 of the United States Code, Section 1983.

24. At all times hereinafter mentioned, The Defendant, the District of Columbia, was a municipal corporation having the authority to sue and be sued.

25. The Defendant, The Department of Corrections, is an independent agency of the District of Columbia.

26. All the actions complained of herein were done by employees of the Department of Correction and taken under the color of law.

27. Between October 17, 2003 to on or about November 15, 2003, the Plaintiff was committed to the Department of Correction on pretrial detention and placed under the care and the control of the Department of Correction after being released from Greater Southeast Hospital.

28. The Plaintiff while in the custody and care of the Department of Corrections, made several complaints to Correctional staff on duty regarding the pain in his leg and made several requests to see a medical doctor, all of which were denied and/or ignored.

29. The Plaintiff made repeated requests to Defendant's employees/agents to see medical personnel and to receive medical attention for his injured leg on a daily basis.

30. The Defendant's actions arise under the United States Constitution, particularly under the provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States, and under federal law, Title 42 of the United States Code, Section 1983, in that the Defendant denied the Plaintiff his due process.

31. The Defendant, the District of Columbia, exhibited actions with deliberate indifference to the care and concern of the defendant and like persons in their care in that the Defendant prevented the Plaintiff from otherwise obtaining the needed medical treatment.

32. The Defendant's actions violated the Plaintiff's Fourteenth Amendment protection against deprivation of liberty without due process.

33. The Defendant's lack of concern and failure to provide the Plaintiff medical attention caused the Plaintiff to suffer further injury to his leg thereby necessitating immediate amputation of such leg.

34. The Defendant's deliberate indifference to provide care and attention to the Plaintiff's leg caused or contributed to the Plaintiff's leg to become gangrene and thus led to the amputation of such leg.

35. The right of Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws, secured by the Fifth and Fourteenth Amendments to the U.S. Constitution were violated by Defendants.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, jointly and severally in the amount of Three million five hundred thousand dollars ($3,500,000.00) as compensatory damages, plus cost interest and attorney's fees.

Respectfully Submitted,

Anthony Graham, Sr., Bar No. 426073
Smith Graham & Crump, LLC
9200 Basil Court
Suite 301
Largo, Maryland 20774
(301) 925-2001

Michael L. Smith

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury as to all issues herein.

_____
Anthony Graham, Sr.

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
William Person

## DEFENDANTS
Greater Southeast Comm. Hospital
Tallaat Maximous, MD, D.C. & Dept. of Corrections

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Anthony Graham, Sr., 9200 Basil Ct., Ste. 301,
Largo, Maryland 20774
(301) 925-2001 ext. 103

ATTORNEYS (IF KNOWN)

CASE NUMBER 1:06CV01995

JUDGE: Ricardo M. Urbina

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 11/22/2006

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- (x) 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### A. Antitrust
- 410 Antitrust

### (x) B. Personal Injury/Malpractice
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- [x] 362 Medical Malpractice
- 365 Product Liability
- 368 Asbestos Product Liability

### C. Administrative Agency Review
- 151 Medicare Act

Social Security:
- 861 HIA ((1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g)
- 864 SSID Title XVI
- 865 RSI (405(g)

Other Statutes
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 890 Other Statutory Actions (If Administrative Agency is Involved)

### D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. General Civil (Other) OR  F. Pro Se General Civil

**Real Property**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent, Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**Personal Property**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**Bankruptcy**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**Property Rights**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**Federal Tax Suits**
- 870 Taxes (US plaintiff or defendant
- 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- 610 Agriculture
- 620 Other Food &Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 RR & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

**Other Statutes**
- 400 State Reapportionment
- 430 Banks & Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation

- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Satellite TV
- 810 Selective Service
- 850 Securities/Commodities/ Exchange
- 875 Customer Challenge 12 USC 3410
- 900 Appeal of fee determination under equal access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding   ◉ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC section 1983, plaintiff claims his constitutional rights were violated

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 7 million   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 11.22.06   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.