IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM PERSON | * |
| Plaintiff, | * |
| v. | *  06-1995 RMU |
| TALAAT MAXIMOUS, M.D., et al | * |
| Defendant. | * |

## ANSWER TO COMPLAINT

COMES NOW the Defendant, Talaat Maximous, M.D., by and through counsel, Kenneth Armstrong, Esquire, Larry A. Ceppos, Esquire, and the law firm of Armstrong, Donohue, Ceppos & Vaughan, Chartered, and in Answer to the Complaint filed in the above-captioned matter states as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a cause of action upon which relief may be granted, and therefore, should be dismissed.

### SECOND DEFENSE

The Plaintiff's claims may be barred by the applicable statute of limitations.

### THIRD DEFENSE

The Plaintiff's claims may be barred in full by the primary and/or contributory negligence of the Plaintiff.

### FOURTH DEFENSE

The Plaintiff's claims may be barred by Plaintiff's assumption of risk.

**FIFTH DEFENSE**

The injuries and damages, if any, alleged by to have been suffered or incurred by the Plaintiff were the results of the actions or omissions of persons or entities for which this Defendant cannot be held legally responsible.

**SIXTH DEFENSE**

The Plaintiff's claims may be barred by the doctrine of Estoppel.

**SEVENTH DEFENSE**

The Plaintiff's claims may be barred by the doctrines of Accord and Satisfaction.

**EIGHTH DEFENSE**

The Plaintiff's claims may be barred in part or in full by the doctrine of Release.

**NINTH DEFENSE**

The injuries, if any, alleged by Plaintiff were a result of naturally occurring causes and/or disease processes over which the Defendant had no control.

**TENTH DEFENSE**

Plaintiff's claims may be barred and/or limited in whole or in part by the failure to mitigate damages.

**ELEVENTH DEFENSE**

Defendant may not be held accountable for all damages claimed in this action by virtue of the Doctrine of Apportionment and/or Indemnification and/or Contribution. Defendant reserves the right to file a cross- claim against any other defendant or file a claim

against any as yet unnamed individuals or entities.

## TWELFTH DEFENSE

As to each and every allegation contained within the Plaintiff's Complaint, this Defendant states as follows:

1. Defendant is not required to respond to the jurisdictional allegations in paragraph one.

2. Defendant does not have sufficient information to admit or deny the allegations in paragraph 2 of the Plaintiffs' Complaint.

3. Defendant does not have sufficient information to admit or deny the allegations in paragraph 3 of the Plaintiffs' Complaint.

4. Defendant admits that he was licensed to practice medicine and surgery in the District of Columbia but denies all other allegations

5. Defendant admits the allegations in paragraph 5 of the Plaintiffs' Complaint.

6. Defendant admits the allegations in paragraph 6 of the Plaintiffs' Complaint

7. Defendant denies the allegations in paragraph seven.

8. Defendant denies the allegations in paragraph eight.

9. Defendant admits the allegations in paragraph 9 of the Plaintiffs' Complaint.

10. Defendant admits in part the allegations in paragraph 10. Defendant admits that he provided care and treatment to the plaintiff from October 17, 2003 up until the time of his discharge from Greater Southeast Community Hospital.

11. Defendant denies the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant admits the allegations in paragraph 14.

15. Defendant denies all allegations of negligence, causation and damages in paragraph 15 of the Plaintiff's Complaint.

16. Defendant denies all allegations of negligence, causation and damages in paragraph 16 of the Plaintiff's Complaint.

17. Defendant denies all allegations in paragraph 17 of the Plaintiff's Complaint.

18. Defendant denies all allegations of negligence, causation and damages in paragraph 18 of Plaintiffs' Complaint.

19. Defendant denies all allegations of negligence, causation and damages in paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies all allegations of negligence, causation and damages in paragraph 20 of Plaintiffs' Complaint.

21. Defendant denies all allegations of negligence, causation and damages

in paragraph 21 of Plaintiffs' Complaint

        22.     Defendant incorporates its answer to paragraphs 1-21.

        23.     Defendant is not required to respond to the jurisdictional allegations in paragraph 23.

        24.     Defendant has insufficient information to admit or deny the allegations in paragraph 24.

        25.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 25.

        26.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 26.

        27.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 27.

        28.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 28.

        29.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 29.

        30.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 30.

        31.     Defendant does not have sufficient information to admit or deny the allegations in paragraph 31.

32. Defendant does not have sufficient information to admit or deny the allegations in paragraph 32.

33. Defendant does not have sufficient information to admit or deny the allegations in paragraph 33.

34. Defendant does not have sufficient information to admit or deny the allegations in paragraph 34.

35. Defendant does not have sufficient information to admit or deny the allegations in paragraph 35.

**WHEREFORE**, the Defendant, Talaat Maximous, MD, respectfully requests that the Plaintiff's Complaint be dismissed with prejudice, respectfully demand judgment on his behalf, and further requests such additional relief as this Court may deem appropriate.

Respectfully submitted,

ARMSTRONG, DONOHUE, CEPPOS & VAUGHAN, CHARTERED

By:  /s/ Larry A. Ceppos
Kenneth Armstrong, Esquire #320507
Larry A. Ceppos, Esquire, #361439
204 Monroe Street, Suite 101
Rockville, Maryland  20850
karmstrong@adclawfirm.com
lceppos@adclawfirm.com
(301) 251-0440
Counsel for Defendant Talaat Maximous, M.D.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of April, 2007, a copy of the foregoing Answer to Complaint was filed and electronically served upon:

Anthony Graham, Sr., Esquire
Michael L. Smith, Esquire
Smith Graham & Crump LLC
9200 Basil Court
Suite 301
Largo, MD 20774
Attorneys for plaintiff

Anastasios P. Tonorezos, Esquire
Catherine Hanrahan, Esquire
Wilson, Elser
1341 G Street NW
Suite 500
Washington, DC 20005
Attorneys for Greater Southeast Community Hospital

Steven J. Anderson, Esquire
Office of Attorney General for DC
441 Fourth Street NW
Suite 600S
Washington DC 20001
Attorney for District of Columbia
 and Department of Corrections

                                                   /s/ Larry A. Ceppos
                                                   Larry A. Ceppos