# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM PERSON**<br>**610 Raleigh Place, S. E.**<br>**Washington, D. C. 20032**<br><br>      **Plaintiff,**<br><br>     **v.**<br><br>**GREATER SUTHEAST COMMUNITY**<br>**HOSPITAL**<br>**1310 Southern Avenue, S. E.**<br>**Washington, D. C. 20032**<br><br>    **and**<br><br>**TALAAT MAXIMOUS, M.D.**<br>**1310 Southern Avenue, S. E.**<br>**Washington, D. C. 20032**<br><br>    **And**<br><br>**DISTRICT OF COLUMBIA**<br><br>**DEFABIO, INC.**<br>2412 Minnesota Avenue, S. E.<br>**Washington, D. C. 20032**<br><br>    **and**<br><br>**WEBTER B. TRAPP, JR.**<br>**4603 Brava Court**<br>**Ft. Washington, Maryland 20744**<br><br>      **Defendants.**<br><br>      **Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>**Civil Action No. 06-1995 (RMU)**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## AMENDED COMPLAINT
### [NEGLIGENCE/MEDICAL MALPRACTICE]

1.    Jurisdiction of this Court founded upon 28 U.S.C. 1441(b).

Plaintiff, William Person, is a citizen of the United States and a resident of the

**RECEIVED**

MAY 1 4 2007

**NANCY MAYER WHITTINGTON CLERK**
**U.S. DISTRICT COURT**

District of Columbia.

3.     The Defendant, Greater Southeast Community Hospital, based on information and belief is a corporation licensed to do business under the laws of the District of Columbia and is authorized and licensed to conduct and did conduct a medical and surgery business in the District of Columbia to which medical members of the public were invited, including the Plaintiff, William Person.

4.     At all times relevant hereto the Defendant, Talaat Maximous, M.D., was licensed to practice medicine and surgery in the District of Columbia.  That the Defendant, Talaat Maximous, M.D., was acting individually and/or as partner, agent, ostensible agent, servant, employee and/or contractor for Defendant, Greater Southeast Community Hospital.

5.     The Defendants, Greater Southeast Community Hospital and Talaat Maximous, M.D. held themselves out to the community as health-care providers, qualified to provide health-care services to those in need thereof, in the District of Columbia.

6.     At all times relevant hereto, Greater Southeast Community Hospital and Talaat Maximous, M.D. held themselves out to the community as a medical doctor and medical provider qualified to provide health care to individuals in need thereof.

7.     At all times relevant hereto Defendant, Talaat Maximous, M.D. was an agent, employee, and/or ostensible agent or employee of Defendant, Greater Southeast Community Hospital, acting on the business of and within the scope of his agency or employment with Greater Southeast Community Hospital.

8.     On or about October 17, 2003, and subsequent thereto, the Plaintiff, William Person, consulted and engaged for compensation, the services of the defendant, Talaat Maximous, M.D. and the Greater Southeast Community Hospital for medical services.

9.    The Defendant, Defabio, Inc., based on information and belief, is an unincorporated Corporation doing business under the laws of the District of Columbia. Defendant and is doing business at 2412 Minnesota Avenue, S. E., Washington, D. C.

10.    The Defendant, Webter B. Trapp, Jr., based on information and belief, is a resident of the State of Maryland and is the owner of the property located at 1710 28th Place, S. E., Washington, D. C. 20020.

11.    On or about October 17, 2003, Plaintiff, William Person, was admitted to the Greater Southeast Community Hospital to undergo a surgical procedure, Debridement of open wound and irrigation with antiboiotics, internal fixation of comminuted fracture of distal tibia, and other procedures that were performed by defendant Talaat Maximous, M.D. and the Greater Southeast Community Hospital.

12.    The Defendants Talaat Maximous, M.D. and the Greater Southeast Community Hospital and agents thereof, undertook to examine, diagnose, care for, prescribed medicines and other legal drugs, and to handle and control the care and treatment of plaintiff for his problem prior to, during and subsequent to operative procedures.

13.    That during the undertaking to perform surgical procedure for a broken leg, the Defendant Talaat Maximous, M.D. and Defendant Greater Southeast Community Hospital by and through its employees, agents, obstensible agents and/or servants breached the applicable standards of care in the treatment of the Plaintiff.

14.    Prior to and subsequent to the surgical procedures, the Defendants, each of them failed to warn the Plaintiff of the dangers associated with such procedure(s) and failed to warn him of the aftercare required to take care of the leg.

15.    That in the aforesaid examination, diagnosis, treatment, the prescription of

medicine and drugs, the handling and control of the care and treatment of the Plaintiff prior to, during and subsequent to the operative procedures, the defendants, each of them, negligently failed to possess and exercise that degree of knowledge and skill ordinarily possessed and exercised by other physicians attendants surgeons and the like, in said professions, in the same similar locality, including the United States of America.

16.     That at all times herein mentioned, defendants Talaat Maximous, M.D. and Defendant Greater Southeast Community Hospital by and through its employees, agents, obstensible agents and/or servants undertook and agreed to provide prudent, diligent and proper care and treatment to the Plaintiff, to exercise that degree of care ordinarily exercised by prudent and diligent health care providers under like or similar circumstances and had a duty to the Plaintiff to provide proper medical treatment within the prevailing standards.

17.     The Defendants, Talaat Maximous, M.D. and the Greater Southeast Community Hospital, through its agents, employees, and/or ostensible agents and employees failed to properly treat, examine and care for the Plaintiff's leg, thereby causing damage to his leg resulting in the amputation of said leg.

18.     The Defendants, Talaat Maximous, M.D. and the Greater Southeast Community Hospital, through its agents, employees, and/or ostensible agents and employees, breached its duty of care and were negligent in their care and treatment of plaintiff, William Person, including but not limited to the following:

a.   Failure to perform proper examination and evaluations;

b.   Failure to perform appropriate diagnostic tests;

c.   Failure to properly order and take appropriate x-rays or other visual procedures and make proper diagnostic/findings post operative;

d.  Failure to properly and timely diagnose and repair medical conditions resulting from operative procedure;

e.  Failure to refer the Plaintiff to a medical provider that specialize in the area of the injury;

f.  Failure to properly and timely diagnose, treat, and perform necessary and proper surgery and follow-up treatment.

g.  Failure to properly and timely examine, diagnose and treat other medical conditions

h.  Failure to warn the Plaintiff of the risk(s) involved in the operative procedure(s); and

i.  Failure to properly evaluate and treat the Plaintiff; and,

j.  Failure to properly dress and manage the Plaintiff's leg after surgery.

19.    That in the aforesaid examination and diagnose of plaintiff, the handling and control of the care and treatment of plaintiff during and subsequent to operative procedure, the defendants, Talaat Maximous, M.D. and Defendant Greater Southeast Community Hospital by and through its employees, agents, obstensible agents and/or servants, negligently fail to possess and exercise that degree of knowledge and skill ordinarily possess and exercise by other physician, attendants, surgeons and the like, in said profession the same similar locality including the United States of America.

20.    That as a direct, legal and proximate result of the negligence of defendants Talaat Maximous, M.D. and the Greater Southeast Community Hospital and its agents, employees, and/or ostensible agents and employees, Plaintiff has sustained severe and permanent bodily injuries, and unnecessary scaring.

21.    That as a direct and proximate result of the aforesaid negligence of defendants Talaat Maximous, M.D. and Defendant Greater Southeast Community Hospital by and through

its employees, agents, obstensible agents and/or servants, the Plaintiff was damaged in that he suffered amputation of his leg.

22.    That as a direct, legal and proximate result of aforesaid negligence of defendants Talaat Maximous, M.D. and Defendant Greater Southeast Community Hospital by and through its employees, agents, obstensible agents and/or servants, the Plaintiff, William Person, has suffered mental anguish, and emotional pain.

23.    That as a direct and proximate result of the aforesaid negligence of Defendants Talaat Maximous, M.D. and Defendant Greater Southeast Community Hospital by and through its employees, agents, obstensible agents and/or servants, Plaintiff had to undergo a second and subsequent surgeries and incurred expenses due to medical treatment or lack thereof, and based on information and belief Plaintiff will incur future medical expenses.

**WHEREFORE,** Plaintiff prays for judgment against Defendants Talaat Maximous, M.D. and Defendant Greater Southeast Community Hospital jointly and severally in the amount of three million five hundred thousand dollars ($3,500,000.00) as compensatory damages, plus cost interest and attorney's fees.

## COUNT TWO

[Deprivation of Civil Rights under Color of Law]

24.    Jurisdiction of this Court founded upon 28 U.S.C. 1441(b).

25.    Plaintiff brings this count under Title 42 of the United States Code, Section 1983.

26.    At all times hereinafter mentioned, The Defendant, the District of Columbia, was a municipal corporation having the authority to sue and be sued.

27.    The Defendant, The Department of Corrections, is an independent agency of the District of Columbia.

28.     All the actions complained of herein were done by employees of the Department of Correction and taken under the color of law.

29.     Between October 17, 2003 to on or about November 15, 2003, the Plaintiff was committed to the Department of Correction on pretrial detention and placed under the care and the control of the Department of Correction after being released from Greater Southeast Hospital.

30.     The Plaintiff while in the custody and care of the Department of Corrections, made several complaints to Correctional staff on duty regarding the pain in his leg and made several requests to see a medical doctor, all of which were denied and/or ignored.

31.     The Plaintiff made repeated requests to Defendant's employees/agents to see medical personnel and to receive medical attention for his injured leg on a daily basis.

32.     The Defendant's actions arise under the United States Constitution, particularly under the provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States, and under federal law, Title 42 of the United States Code, Section 1983, in that the Defendant denied the Plaintiff his due process.

33.     The Defendant, the District of Columbia, exhibited actions with deliberate indifference to the care and concern of the defendant and like persons in their care in that the Defendant prevented the Plaintiff from otherwise obtaining the needed medical treatment.

34.     The Defendant's actions violated the Plaintiff's Fourteenth Amendment protection against deprivation of liberty without due process.

35.     The Defendant's lack of concern and failure to provide the Plaintiff medical attention caused the Plaintiff to suffer further injury to his leg thereby necessitating immediate amputation of such leg.

36.     The Defendant's deliberate indifference to provide care and attention to the

Plaintiff's leg caused or contributed to the Plaintiff's leg to become gangrene and thus led to the amputation of such leg.

37.    The right of Plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws, secured by the Fifth and Fourteenth Amendments to the U.S. Constitution were violated by Defendants.

**WHEREFORE,** Plaintiff prays for judgment against Defendant, District of Columbia, jointly and severally in the amount of Three million five hundred thousand dollars ($3,500,000.00) as compensatory damages, plus cost interest and attorney's fees.

### COUNT III

38.    Jurisdiction of this Court founded upon 28 U.S.C. 1441(b).

39.    The Defendant, Defabio, Inc., based on information and belief, is an unincorporated Corporation doing business under the laws of the District of Columbia and is doing business at 2412 Minnesota Avenue, S. E., Washington, D.C.

40.    The Defendant, Webster B. Trapp, Jr., based on information and belief, is a resident of the State of Maryland and is the owner of the property located at 1710 28th Place, S. E., Washington, D.C. 20020.

41.    At the times herein stated, Plaintiff was a invitee of a tenant and occupant of an apartment designated and known as 1710 28th Place, S. E., Washington, D. C., an apartment owned by Webter B. Trapp, Jr. and managed by the Defendant, Defabio, Inc., and as such, Plaintiff was lawfully on the premises at the times stated herein.

42.    At the times herein stated, the Defendants exercised control of those areas of the described premises used in common by the tenants and other invited guests.

43.    Defendants owed Plaintiff and those similarly situated a duty to exercise

reasonable care to eliminate dangers and defects in those areas of the described premises used in common by the tenants.

44.    On October 17, 2003, Plaintiff was exiting the building in front of 1710 28th Place, S. E., Washington, carefully descending the common stairway when he was caused to fall by reason of damaged/cracked stairs. Defendants, Webter B. Trapp, Jr. and Defabio, Inc., knew or should have known of the condition of the stairway and knew or should have known that the stairway was damaged and in disrepair in such a way to create an unreasonable risk of harm to the tenants and visitors of the building, including the Plaintiff.

45.    Because the Defendants, Webter B. Trapp, Jr. and Defabio, Inc., failed to take any action to eliminate the danger created by the damage/cracked stairs, it breached the duty it owed to Plaintiff.

46.    As a direct and proximate result of Defendants' Webter B. Trapp, Jr. and Defabio, Inc., breach of duty, Plaintiff suffered personal injury, including that of a broken leg that ultimately led to the amputation, and medical expenses.

47.    As a direct and proximate result of Defendants' breach of duty, Plaintiff suffered mental and emotional trauma.

39.    Plaintiff has incurred expenses for medical treatment, and will incur additional such expenses in the future, as a direct result of the above described injuries.

**WHEREFORE**, Plaintiff, William Person, respectfully prays for judgment against the Defendants, Defabio, Inc. and Webter B. Trapp, Jr., jointly and severally as follows:

That Plaintiff be awarded compensatory and consequential damages in the amount of two million dollars ($2,000,000.00), jointly and severally, as the proximate result of Defendants' Webter B. Trapp, Jr. and Defabio, Inc., breach, and that Plaintiff be awarded costs in this action

and such other relief as the Court deems just and proper.

Respectfully submitted,

Anthony Graham, Sr.
Michael L. Smith
Smith Graham & Crump, LLC
9200 Basil Court
Suite 301
Largo, Maryland 20774
(301) 925-2001
(301) 925-2540 fax

## JURY DEMAND

Plaintiff demands a jury on each and every issued raised herein.

Anthony Graham, Sr.