UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| WILLIAM PERSON<br>610 Rolley Place, SE<br>Washington, DC 20032<br><br>    Plaintiff,<br><br>    v.<br><br>GREATER SOUTHEAST COMMUNITY<br>HOSPITAL CORPORATION<br>1310 Southern Avenue, S.E.<br>Washington, DC 20032<br><br>    Defendants, et al. | Civil Action No. 06-001995 (RMU)<br><br>The Hon. Ricardo M. Urbina |

## ANSWER OF GREATER SOUTHEAST COMMUNITY HOSPITAL TO AMENDED COMPLAINT

The defendant, Greater Southeast Community Hospital Corporation I, by counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P., hereby Answers the Amended Complaint filed herein as follows:

### FIRST DEFENSE

### COUNT I

**(Negligence/Medical Malpractice)**

1.  The allegations set forth in paragraph 1 of the Amended Complaint are jurisdictional in nature to which no response is required.

262403.1

2. This defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint. Pursuant to the Rules of Civil Procedure, the allegations are deemed denied.

3. Greater Southeast Community Hospital is a corporation licensed to do business under the laws of the District of Columbia. It is licensed to provide healthcare to members of the public. The remaining allegations as phrased in paragraph 3 of the Amended Complaint are denied.

4. It is admitted that Talaat Maximous, M.D., was licensed to practice medicine in the District of Columbia. It is denied that Dr. Maximous was a partner, agent, ostensible agent, servant, employee or contractor of Greater Southeast Community Hospital.

5. It is denied that Greater Southeast Community Hospital is a healthcare provider as generally defined in the field of medicine. It is admitted that Dr. Maximous is a healthcare provider qualified to provide healthcare.

6. The allegations as phrased in paragraph 6 of the Amended Complaint with respect to Greater Southeast Community Hospital are denied. It is admitted that Dr. Maximous is a medical provider qualified to provide healthcare to individuals.

7. The allegations set forth in paragraph 7 of the Amended Complaint are denied and the defendant demands strict proof thereof.

8. It is admitted that Mr. Person was a patient of defendant Dr. Maximous on October 17, 2003. The remaining allegations set forth in paragraph 8 of the Amended Complaint are denied as phrased and the defendant demands strict proof thereof.

9. This defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint. Pursuant to the Rules of Civil Procedure, the allegations are deemed denied.

10. This defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint. Pursuant to the Rules of Civil Procedure, the allegations are deemed denied.

11. It is admitted that on October 17, 2003 the plaintiff was admitted to Greater Southeast Community Hospital to undergo procedures performed by defendant Dr. Maximous. It is denied that Greater Southeast Community Hospital performed any procedures.

12. The allegations set forth in paragraph 12 of the Amended Complaint are vague and ambiguous. It is denied that Greater Southeast Community Hospital examined, diagnosed, cared for, prescribed medicines or other legal drugs to the plaintiff.

13. The allegations set forth in paragraph 13 of the Amended Complaint are denied and the defendant demands strict proof thereof.

14. The allegations set forth in paragraph 14 of the Amended Complaint are denied and the defendant demands strict proof thereof.

15. The allegations set forth in paragraph 15 of the Amended Complaint are denied and the defendant demands strict proof thereof.

16. The allegations set forth in paragraph 16 of the Amended Complaint are denied and the defendant demands strict proof thereof.

17. The allegations set forth in paragraph 17 of the Amended Complaint are denied and the defendant demands strict proof thereof.

18. The allegations set forth in paragraph 18 of the Amended Complaint are denied and the defendant demands strict proof thereof.

19. The allegations set forth in paragraph 19 of the Amended Complaint are denied and the defendant demands strict proof thereof.

20. The allegations set forth in paragraph 21 of the Amended Complaint are denied and the defendant demands strict proof thereof.

21. The allegations set forth in paragraph 21 of the Amended Complaint are denied and the defendant demands strict proof thereof

22. The allegations set forth in paragraph 22 of the Amended Complaint are denied and the defendant demands strict proof thereof.

23. The allegations set forth in paragraph 23 of the Amended Complaint are denied and the defendant demands strict proof thereof.

## COUNT II

### (Deprivation of Civil Rights under Code of Law)

24. The allegations set forth in paragraph 24 of the Amended Complaint are jurisdictional in nature to which no response is required.

25. The allegations set forth in paragraph 25 of the Amended Complaint are jurisdictional in nature to which no response is required.

26-37. The allegations set forth in paragraphs 26-37 are not directed to this defendant. Accordingly, no response is required. To the extent a response is required, this defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 24-37.

262403.1

## COUNT III

38. The allegations set forth in paragraph 38 of the Amended Complaint are jurisdictional in nature to which no response is required.

39-48. The allegations set forth in paragraphs 39-48 are not directed to this defendant. Accordingly, no response is required. To the extent a response is required, this defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraphs 39-48.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The alleged injuries and/or damages, if any, may be due to the actions of others, including the plaintiff, for whom this defendant is not and may not be legally responsible.

## FOURTH DEFENSE

The alleged injuries and/or damages, if any, may be due to a naturally occurring disease process or ongoing medical condition of the plaintiff which this defendant is not and may not be legally responsible.

## FIFTH DEFENSE

The alleged injuries and/or damages, if any, may be due to the plaintiff's sole and/or contributory negligence.

## SIXTH DEFENSE

The alleged injuries and/or damages, if any, of the plaintiff may be barred by the doctrine of the assumption of the risk.

262403.1

### SEVENTH DEFENSE

The Complaint may be barred, in whole or in part, by the statute of limitations.

### EIGHTH DEFENSE

Any allegations that are not specifically admitted are denied.

### NINTH DEFENSE

The defendant reserves the right to supplement its Answer with additional defenses during the litigation of this case.

WHEREFORE, the Complaint having been answered, defendant requests the Court to dismiss this case with prejudice, award it costs, disbursements and attorney fees and such other relief as this Court deems just and appropriate.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
Catherine A. Hanrahan, #441775
Anastasios P. Tonorezos, #495133
1341 G Street, NW
Suite 500
Washington, DC 20005-3300
Tel. (202) 626-7660
Fax (202) 628-3606
*Attorneys for Defendant Greater Southeast Community Hospital Corporation I*

262403.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Answer to Amended Complaint** was mailed, postage pre-paid, on this 24th day of May, 2007 to:

>Anthony Graham, Sr., Esq.
>Michael L. Smith, Esq.
>Smith, Graham & Crump, LLC
>9200 Basil Court
>Suite 301
>Largo, Maryland 20774
>
>Steven J. Anderson, Esq.
>Office of Corporation Counsel
>441 4th Street, N.W.
>Sixth Floor South
>Washington, DC 20001
>
>Larry Ceppos, Esq.
>Susan Boyce, Esq.
>Armstrong, Donohoe, Ceppos & Vaughan
>204 Monroe Street, Ste 101
>Rockville, MD 20850

_____
Catherine A. Hanrahan

262403.1