UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM PERSON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-1995 (RMU) |
| DISTRICT OF COLUMBIA, *et al.,* | : |
| Defendants. | : |
| _____ | : |

**DEFENDANT DISTRICT OF COLUMBIA'S
ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND CROSS-
CLAIM AGAINST CO-DEFENDANTS**

Defendant District of Columbia (District), by and through undersigned counsel, answers the amended complaint and cross-claims against co-defendants as follows:

**ANSWER TO AMENDED COMPLAINT**

FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief might be granted and should be dismissed.

SECOND DEFENSE

Answering the numbered paragraphs in plaintiff's complaint, the District responds as follows:

1. Defendant the District of Columbia (hereinafter, "Defendant" or the "District") admits the existence of the statute alleged. However, plaintiff's contention that this Court has jurisdiction over

this matter is plaintiff's legal conclusion and no answer is required. If an answer is required, this allegation is denied.

2. Defendant lacks adequate information to admit or deny the citizenship or residence of plaintiff. If an answer is required, these allegations are denied.

3-8 The District admits that Greater Southeast Community Hospital (GSCH) is a licensed corporation in the District, and that Dr. Maximous, MD, is a licensed physician. However, the District of Columbia lacks adequate information at this time to admit or deny the remaining allegations. If answers are required, these allegations are denied.

9-23. These allegations concern a defendant other than the District of Columbia to which no answer is required. Moreover, the District lacks adequate information to admit or deny.

## COUNT TWO[1]
### [Deprivation of Civil Rights under Color of Law]

24. Defendant the District of Columbia (hereinafter, "Defendant" or the "District") acknowledges the statutory authority cited in paragraph 24 of the Complaint, but denies that jurisdiction is necessarily conferred therefrom.

25. The allegations in paragraph 25 of the complaint are a statement of claims of and by the pleader to which no response is required.

26. Admitted.

27. The District denies that the Department of Corrections is a defendant or an independent agency of the District.

28. Plaintiff's reference to "actions complained of" is so vague and indefinite that defendant is unable to respond. If an answer is required this allegations is denied.

---

[1] There is no Count I in the amended complaint.

29. In regard to paragraph 29 of the Complaint, defendant: a. admits that plaintiff was incarcerated from October 24, 2003 until November 14, 2003; b. lacks adequate information at this time to admit or deny if plaintiff was treated at GSCH before being incarcerated.

30-31. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 30 of the Complaint. If a further answer is required this allegation is denied.

32. This paragraph includes plaintiff's legal conclusions and requires no response. If a response is required, these allegations are denied.

33. Denied.

34. The District of Columbia is not a state and therefore the 14th Amendment is not applicable to it. Accordingly, the allegations in this paragraph are denied.

35-37. Denied.

## COUNT III

38. Defendant admits the existence of the statute alleged but denies that denies that jurisdiction is conferred thereby.

39-47. These allegations concern a defendant other than the District to which no answer is required.

39 (*sic*.) These allegations concern a defendant other than the District to which no answer is required.

All allegations not specifically admitted above are hereby denied.

## FOURTH DEFENSE

This Court is without subject matter jurisdiction because plaintiff has failed to plead a proper claim of municipal laiblity under the U.S. Constitution.

## FIFTH DEFENSE

Liability is barred by the doctrines of sovereign immunity, governmental immunity, privilege, and official immunity and qualified immunity.  The actions of defendant were discretionary decisions for which there can be no liability.

### SIXTH DEFENSE

Plaintiff's complaint is barred by the Prison Litigation Reform Act.   Defendant delegated the responsibly for providing medical care to inmates to independent an independent contractor.

### SEVENTH DEFENSE

Defendant will rely upon the defenses properly available from the evidence that arise from discovery, from testimony at trial, or from some other source.  Defendants expressly reserve their right to assert or amend such defenses, as the facts become known.

**DEFENDANT DISTRICT OF COLUMBIA'S CROSS-CLAIM AGAINST DEFENDANTS DEFABIO, INC. AND WEBTER B. TRAPP, JR, GREATER SOUTHEAST HOSPITAL AND DR. MAXIMOUS**

1. Plaintiff William Person has filed a complaint against defendant District of Columbia.

2. If the District is liable to Plaintiff, co-defendants Defiabio, Inc., Webter B. Trap, Jr. Greater Southeast Community Hospital and Dr. Maximous  are liable to contribute and/or indemnify the District as joint tortfeasors, because the Plaintiff's leg was injured by  co-defendants' negligence.

3. The basis for this cross-claim is Defiable, Inc. and Webter B. Trapp, Jr.'s negligence and failure to provide a safe stairway at the property located at 1710 28th place, which caused plaintiff, an invitee, to slip and be injured as a result of damaged and cracked stairs at the building owned by Dr. Trapp, Jr., and where Defabio Inc. owned and operated a business.

4.  Wherefore, if Defendant District of Columbia is found liable to Plaintiff, the District

demands judgment against third party defendant, Defiabio, Inc. and Webter B. Trapp, Jr. for all or a portion of any sums that is adjudged against the District of Columbia in favor of plaintiff.

5. Therefore, the District demands that co-defendants contribute and/or indemnify the District for any damages awarded to plaintiff from the District.

6. Moreover, Plaintiff was treated for his leg injuries at Greater Southeast Hospital by Dr. Maximous.

7. If Plaintiff's leg had to be amputated, it was due to the inadequate treatment of his leg by Dr. Maximous, which did not meet the applicable national standard of care. Therefore, if District of Columbia is liable to Plaintiff for not providing him with prompt adequate medical treatment, then Dr. Maximous and Greater Southeast Hospital are liable to contribute and/or indemnify the District as joint tortfeasors for their negligent conduct.

    Respectfully submitted,

    LINDA SINGER
    Acting Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    _____

    PHILLIP LATTIMORE, III
    Chief, General Litigation Section III

                                        _____
                                        STEVEN J. ANDERSON
                                        Assistant Attorney General
                                        Bar no. 334480
                                        Suite 600S
                                        441 Fourth Street, N.W.
                                        Washington, D.C. 20001
                                        (202) 724-6607
                                        (202) 727-3625 (fax)
                                        E-mail:  Steve.anderson@dc.gov