UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| WILLIAM PERSON<br>610 Rolley Place, SE<br>Washington, DC 20032<br><br>      Plaintiff,<br><br>      v.<br><br>GREATER SOUTHEAST COMMUNITY<br>HOSPITAL CORPORATION<br>1310 Southern Avenue, S.E.<br>Washington, DC 20032<br><br>      Defendants, et al. | Civil Action No. 06-001995 (RMU)<br><br>The Hon. Ricardo M. Urbina |

ANSWER OF GREATER SOUTHEAST COMMUNITY HOSPITAL
TO CROSS-CLAIM OF THE DISTRICT OF COLUMBIA

Greater Southeast Community Hospital Corporation I ("GSEH"), by counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P., hereby Answers the Cross-Claim filed herein as follows:

FIRST DEFENSE

The Cross Claim fails to state a claim upon which relief can be granted.

SECOND DEFENSE

1.      GSEH admits the allegations in paragraph 1 of the Cross Claim that Plaintiff filed a Complaint against defendant District of Columbia.

2.      The allegations set forth in paragraph 2 of the Cross Claim are denied and GSEH demands strict proof thereof.

263712.1

3.      The allegations contained in paragraph 3 of the Cross Claim call for a legal conclusion to which no response is required.

4.      The allegations contained in paragraph 4 of the Cross Claim call for a legal conclusion to which no response is required.

5.      The allegations contained in paragraph 5 of the Cross Claim call for a legal conclusion to which no response is required. To the extent the District of Columbia alleges that it is entitled to contribution and/or indemnity from GSEH for any damages awarded to plaintiff from the District of Columbia, those allegations are denied.

6.      GSEH objects to paragraph 6 of the Cross Claim, in that, as phrased, it is vague and ambiguous. GSEH admits only that Plaintiff presented to GSEH on October 17, 2003 to undergo procedure performed by Dr. Maximous. It is denied that Greater Southeast Community Hospital performed any procedures. GSEH denies the remaining allegations contained in paragraph 6 of the Cross Claim.

7.      GSEH objects to paragraph 7 of the Cross Claim, in that, as phrased, it is vague and ambiguous. To the extent the allegations set forth in paragraph 7 of the Cross Claim allege any negligence on the part of GSEH the allegations are denied and GSEH demands strict proof thereof.

## THIRD DEFENSE

The Cross Claimant's damages if any are the result of the Cross Claimant's contributory negligence and/or assumption of risks.

263712.1

## FOURTH DEFENSE

The Cross Claimant's damages, if any are the result of actions, commissions, omissions, or the liability of others for whom GSEH is not legally responsible and/or had no control and no right of control.

## FIFTH DEFENSE

The cause of action, if any is barred by the applicable statute of limitations and/or laches.

## SIXTH DEFENSE

The Cross Claim may be barred by the doctrines of waiver and/or estoppel.

## SEVENTH DEFENSE

GSEH will rely upon all defenses lawfully available to it including but not limited to those already asserted herein.

## EIGHTH DEFENSE

Any allegation not specifically admitted is hereby denied and strict proof thereof is hereby demanded.

WHEREFORE, Greater Southeast Community Hospital Corporation I respectfully requests that the Cross Claim filed herein be dismissed with prejudice and costs of this action and such further relief and additional relief as the nature of this case may require and which this Honorable Court deems just and proper.

## CROSS CLAIM

Greater Southeast Community Hospital Corporation I, by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, files the following Cross Claims against the District of Columbia, Department of Corrections, and Talaat Maximous, M.D.

## COUNT ONE – CONTRIBUTION

1. Plaintiff claims Defendants are liable to him for personal injuries allegedly caused by Defendants. Plaintiff alleges various counts against the defendants grounded in negligence, as well as depriving him of his civil rights.

2. Greater Southeast Community Hospital Corporation I ("GSEH") denies all wrongdoing, and denies each and every allegation in the Complaint filed against it. In the event, however, that Greater Southeast Community Hospital Corporation I may be held liable to Plaintiff as a result of any of the matters alleged, Greater Southeast Community Hospital Corporation I then would be entitled to contribution from Defendants the District of Columbia, Department of Corrections, and Talaat Maximous, M.D.

3. Any damages sustained by Plaintiff have been caused by the fault, negligence, wrongdoing, omissions, or breach of duty of the cross-defendants District of Columbia, Department of Corrections, and Talaat Maximous, M.D., and/or other parties' actions, commissions, omissions, or the liability of others for whom GSEH is not legally responsible and/or had no control and no right of control.

4. If Plaintiff obtains recovery for damages against Greater Southeast Community Hospital Corporation I then Greater Southeast Community Hospital Corporation I is entitled to contribution from each cross-defendant for its pro rata share of such damages. Greater Southeast Community Hospital Corporation I hereby asserts every right of contribution against the cross-defendants that may be allowed by statute, common law, or both.

WHEREFORE, Greater Southeast Community Hospital Corporation I demands judgment for contribution against co-defendants District of Columbia, Department of Corrections, and Talaat Maximous, M.D. with respect to any damages which may be recovered against Greater

Southeast Community Hospital Corporation I herein, together with the expense or defense and costs of suit.

## COUNT TWO – INDEMNIFICATION

5.      Greater Southeast Community Hospital Corporation I incorporates herein by reference the allegations stated in its Answer to Cross Claims and Cross Claim for Contribution.

6.      If Greater Southeast Community Hospital Corporation I should be found liable to the Plaintiff, which liability is denied, its liability will be secondary, passive, technical, vicarious or imputed and that of its co-defendants, District of Columbia, Department of Corrections, and Talaat Maximous, M.D., primary, active and direct.

WHEREFORE, Greater Southeast Community Hospital Corporation I demands judgments against co-defendants District of Columbia, Department of Corrections, and Talaat Maximous, M.D., for indemnification in full with respect to any damages which may be recovered against it herein, together with costs of suit and attorney's fees and such other relief as this Court may deem proper and just.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
Catherine A. Hanrahan, #441775
Anastasios P. Tonorezos, #495133
1341 G Street, NW
Suite 500
Washington, DC 20005-3300
Tel. (202) 626-7660
Fax (202) 628-3606
*Attorneys for Defendant Greater Southeast Community Hospital Corporation I*

263712.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Answer to Cross Claim, and Cross Claim of** Greater Southeast Community Hospital Corporation I was electronically filed and served on this 13th day of June, 2007 to:

>Anthony Graham, Sr., Esq.
>Michael L. Smith, Esq.
>Smith, Graham & Crump, LLC
>9200 Basil Court
>Suite 301
>Largo, Maryland 20774
>
>Steven J. Anderson, Esq.
>Office of Corporation Counsel
>441 4th Street, N.W.
>Sixth Floor South
>Washington, DC 20001
>
>Larry Ceppos, Esq.
>Susan Boyce, Esq.
>Armstrong, Donohoe, Ceppos & Vaughan
>204 Monroe Street, Ste 101
>Rockville, MD 20850

And sent via regular mail, postage prepaid to:

>F.W. Lucas, Esq.
>602 Brookedge Court
>Mitchellville, MD 20721
>
>Kiran Hassan, Esq.
>Loewinger & Brand, PLLC
>417 H Street, NW
>Washington, DC 20001

*Catherine A. Hanrahan*
Catherine A. Hanrahan

263712.1