UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| WILLIAM PERSON<br>610 Rolley Place, SE<br>Washington, DC 20032<br><br>Plaintiff,<br><br>v.<br><br>GREATER SOUTHEAST COMMUNITY<br>HOSPITAL CORPORATION<br>1310 Southern Avenue, S.E.<br>Washington, DC 20032<br><br>Defendants, et al. | Civil Action No. 06-001995 (RMU)<br><br>The Hon. Ricardo M. Urbina |

ANSWER OF GREATER SOUTHEAST COMMUNITY HOSPITAL
TO CROSS-CLAIM OF TALAAT MAXIMOUS, M.D.

Greater Southeast Community Hospital Corporation I ("GSEH"), by counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P., hereby Answers the Cross-Claim filed by Talaat Maximous, M.D. herein as follows:

FIRST DEFENSE

The Cross Claim fails to state a claim upon which relief can be granted.

SECOND DEFENSE

1.      GSEH admits the allegations in paragraph 1 of the Cross Claim that Plaintiff filed an Amended Complaint against defendant Talaat Maximous, MD and others.

2.      The allegations set forth in paragraph 2 of the Cross Claim are denied and GSEH demands strict proof thereof.

263958.1

3.      The allegations contained in paragraph 3 of the Cross Claim call for a legal conclusion to which no response is required.

4.      The allegations contained in paragraph 4 of the Cross Claim are legal conclusions to which no response is required. To the extent the allegations set forth in paragraph 4 of the Cross Claim allege any negligence on the part of GSEH the allegations are denied and GSEH demands strict proof thereof.

5.      The allegations contained in paragraph 5 of the Cross Claim are legal conclusions to which no response is required. To the extent the allegations set forth in paragraph 5 of the Cross Claim allege any negligence on the part of GSEH the allegations are denied and GSEH demands strict proof thereof. To the extent Dr. Maximous alleges that he is entitled to contribution and/or indemnity from GSEH for any damages awarded to plaintiff from defendant Maximous, those allegations are denied.

6.      The allegations contained in paragraph 6 of the Cross Claim are legal conclusions to which no response is required. To the extent the allegations set forth in paragraph 6 of the Cross Claim allege any negligence on the part of GSEH the allegations are denied and GSEH demands strict proof thereof. To the extent Dr. Maximous alleges that he is entitled to contribution and/or indemnity from GSEH for any damages awarded to plaintiff from defendant Maximous, those allegations are denied.

7.      The allegations contained in paragraph 7 of the Cross Claim are legal conclusions to which no response is required. To the extent the allegations set forth in paragraph 7 of the Cross Claim allege any negligence on the part of GSEH the allegations are denied and GSEH demands strict proof thereof. To the extent Dr. Maximous alleges that he is entitled to

263958.1

contribution and/or indemnity from GSEH for any damages awarded to plaintiff from defendant Maximous, those allegations are denied.

### THIRD DEFENSE

The Cross Claimant's damages if any are the result of the Cross Claimant's contributory negligence and/or assumption of risks.

### FOURTH DEFENSE

The Cross Claimant's damages, if any are the result of actions, commissions, omissions, or the liability of others for whom GSEH is not legally responsible and/or had no control and no right of control.

### FIFTH DEFENSE

The cause of action, if any is barred by the applicable statute of limitations and/or laches.

### SIXTH DEFENSE

The Cross Claim may be barred by the doctrines of waiver and/or estoppel.

### SEVENTH DEFENSE

GSEH will rely upon all defenses lawfully available to it including but not limited to those already asserted herein.

### EIGHTH DEFENSE

Any allegation not specifically admitted is hereby denied and strict proof thereof is hereby demanded.

WHEREFORE, Greater Southeast Community Hospital Corporation I respectfully requests that the Cross Claim filed by Talaat Maximous, M.D., herein be dismissed with prejudice and costs of this action and such further relief and additional relief as the nature of this case may require and which this Honorable Court deems just and proper.

263958.1

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
Catherine A. Hanrahan, #441775
Anastasios P. Tonorezos, #493133
1341 G Street, NW
Suite 500
Washington, DC 20005-3300
Tel. (202) 626-7660
Fax (202) 628-3606
*Attorneys for Defendant Greater Southeast
Community Hospital Corporation I*

263958.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Answer to Cross Claim of Talaat Maximous, M.D.** was electronically filed and served on this 15th day of June, 2007 to:

Anthony Graham, Sr., Esq.
Michael L. Smith, Esq.
Smith, Graham & Crump, LLC
9200 Basil Court
Suite 301
Largo, Maryland 20774

Steven J. Anderson, Esq.
Office of Corporation Counsel
441 4th Street, N.W.
Sixth Floor South
Washington, DC 20001

Larry Ceppos, Esq.
Susan Boyce, Esq.
Armstrong, Donohoe, Ceppos & Vaughan
204 Monroe Street, Ste 101
Rockville, MD 20850

And sent via regular mail, postage prepaid to:

F.W. Lucas, Esq.
602 Brookedge Court
Mitchellville, MD 20721

Kiran Hassan, Esq.
Loewinger & Brand, PLLC
417 H Street, NW
Washington, DC 20001

Catherine A. Hanrahan

263958.1