IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM PERSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 06-001995 (RMU) |
| GREATER SOUTHEAST COMMUNITY ) | |
| HOSPITAL CORPORATION, et al. ) | |
| ) | |
| Defendants. ) | |

**JOINT RULE 16.3 REPORT**

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), the attorneys for the Plaintiff and Defendants conferred and hereby submit the following joint statement pursuant to Rule 16.3(c):

(1) <u>WHETHER THE CASE IS LIKELY TO BE DISPOSED OF BY DISPOSITIVE MOTION</u>

Although the Parties anticipate the filing of dispositive motions, they also agree that the filing of any such motions would be premature at this time. There are no pending dispositive motions at this time.

(2) <u>THE DATE BY WHICH ANY OTHER PARTIES SHALL BE JOINED OR THE PLEADING AMENDED.</u>

Parties do not anticipate the addition of additional parties. The Parties, however, agree that additional parties shall be joined by May 9, 2007.

(3) <u>WHETHER THE CASE SHOULD BE ASSIGNED TO A MAGISTRATE JUDGE FOR ALL PURPOSES, INCLUDING TRIAL</u>

The Parties do not consent to having the case assigned to a magistrate judge.

(4) <u>WHETHER THERE IS A REALISTIC POSSIBLITY OF SETTLING THE CASE.</u>

While the Parties are not aware of any information that would preclude settlement, the likelihood of settlement is somewhat premature at this time, as the Parties have not engaged in any substantial discovery.

(5) WHETHER THE CASE COULD BENEFIT FROM THE COURT'S ALTERNATIVE DISPUTE RESOLUTION (ADR) PROCEDURES

The Parties believe that ADR would be premature, and that ADR would be appropriate after discovery.

(6) WHETHER THE CASE CAN BE RESOLVED BY SUMMARY JUDGMENT OR MOTION TO DISMISS

Although the Parties anticipate the filing of dispositive motion, they also agree that the filing of any such motions would be premature at this time. The Parties have jointly proposed a deadline of 30 days after the close of discovery for filing dispositive motions.

(7) WHETHER THE PARTIES SHOULD DISPENSE WITH THE INTIAL DISCLOSURES REQUIRED BY RULE 26(a)(1), Fed. R. CIV. P.

The Parties agree to dispense with the initial disclosures required by Rule 26(a)(1). The District of Columbia desires the initial disclosures.

(8) THE ANTICIPATED EXTENT OF DISCOVERY

The parties were able to agree on most matters regarding the extent of discovery. The Plaintiff proposes to address issues not agreed upon at the initial scheduling conference.

    a. All parties shall be joined on or before May 9, 2008.

    b. The close of factual discovery shall be December 1, 2008.

    c. The deadline for Plaintiff to identify experts shall be July 18, 2008.

    d. The Deadline for Defendants to identify experts shall be September 19, 2008.

    e. The deadline for Plaintiff to identify rebuttal experts shall be October 17, 2008.

    f. The deadline for the filing of request for Admission shall be October 31, 2008.

    g. The deadline for the filing of dispositive motions and/or Daubert motions shall be December 31, 2008.

    h. The deadline for responses shall be January 31, 2008

    i. The date of the Pre-trial Conference and Pre-trial statements are due shall be set

      by the Court.

j.     Motions in *limine* shall be filed 30 days before trial.

k.     The trial shall begin on the date provided by the Court.

(9)    WHETHER THE REQUIREMENT OF EXCHANGE OF EXPERT WITNESS REPORTS AND INFORMATION PURSUANT TO RULE 26(a)(2), F.R.CIV. P SHOULD BE MODIFIED.

  The District proposes the parties do the Rule 26 disclosures 15 days after the initial scheduling conference, and that the parties disclose expert reports 90 days after the initial scheduling conference. The Parties other than the District agree to make all experts witnesses available for depositions. Plaintiff proposes to dispense with the exchange of formal expert witness reports pursuant to Rule 26(a)(2). Rather, counsel shall prepare a designation summarizing the experts' qualifications and opinions by the deadline set by the Court.

(10)   CLASS ACTIONS:

Not Applicable.

(11)   WHETHER THE TRIAL AND/OR DISCOVERY SHOULD BE BIFURCATED

The Parties agree that the trial or discovery should not be bifurcated.

(12)   DATE FOR PRETRIAL CONFERENCE

The Parties respectfully request that the Court set a mutually agreeable date for the pretrial conference.

(13)   DATE FOR TRIAL

The Parties respectfully request that the Court set a mutually agreeable date for the trial.

(14)   OTHER MATTERS THAT THE PARTIES BELIEVE MAY BE APPROPRIATE FOR INCLUSION IN THE SCHEDULING ORDER

The Parties have no other matters that they believe need to be included in the scheduling order at this time.

Respectfully Submitted,

For the plaintiff:

/s/ Anthony Graham, Sr.
Anthony Graham, Sr.
Michael L. Smith
Smith, Graham & Crump, LLC.
9200 Basil Court, Suite 301
Largo, Maryland 20774
(301) 925-2001

PETER NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

PHILLIP LATTIMORE
Chief, General Litigation Section III

/s/ Steven J. Anderson
STEVEN J. ANDERSON [334480]
Assistant Attorney General
General Litigation Division
441 4th Street, N.W.
Washington D.C. 20001
(202) 724-6615
(202) 727-3625 (fax)

_____
Patricia Millerioux
Kenneth J. Loewinger
Loewinger & Brand, PLLC.
471 H Street, N. W.
Washington, D. C. 2000
(202) 789-2382
Attys for Defendant Defabio, Inc.

/s/Catherine A. Hanrahan
Catherine A. Hanrahan
WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER, LLP.
1341 G. Street, N. W., Suite 500
Washington, D. C. 20005
(202) 626-7660
Attorneys for Defendant Greater
Southeast Community Hosp. Corp.

/s/ Susan B. Boyce
Larry A. Ceppos
Susan B. Boyce
Armstrong, Donogue, Ceppos &
Vaughan, Chartered
204 Monroe Street, Suite 101
Rockville, Maryland 20850
(301) 251-0440
Attorney for Talaat Maximous, M.D.

_____
Perry L. Foreman
Law Offices of Perry L. Foreman
P.O. Box 44019
Ft. Washington, Maryland 20721
(301) 324-3994
Atty for Defendant Webster Trapp